CHARITY WARREN *et al. v.* T. C. WILLIAMSON *et al.*

BILLS AND NOTES. *Compromise. Sufficient legal consideration. When. Fraud and mistake. Contracts.* Where a note is given to prevent threatened litigation, both parties to the transaction acting in good faith, and being uncertain as to their rights, such a compromise will constitute a sufficient legal consideration to sustain the validity of the note, though it should afterward appear there was no legal liability as to the maker, because the bar upon the question was uncertain at the time, and they acted under an honest mistake concerning their rights, without fraud or undue persuasion.

FROM SMITH.

Appeal from the Chancery Court. WM. G. CRAWLEY, Chancellor.

J. W. HEAD for complainant.

JAS. W. McHENRY for defendant.

McFARLAND, J., delivered the opinion of the court.

At a sale of certain lands belonging to a portion of the defendants by a decree of court, Charity Warren became the purchaser, and gave her note, with security. She made two payments, one in the year 1862, of $520, in Confederate money. The payment was received by the clerk of the court, and paid over to T. C. Williamson, guardian of some of the parties entitled, who were minors. He loaned the money to

one Wheeler, and took his note and security. In 1866, the balance on the notes being due, judgment was taken, which was about to be enforced by execution, when an arrangement was made by which new notes were given for the remainder, and the judgment was satisfied, the title of the land vested in the purchaser. At and about the same time, and as part of the same transaction, Mrs. Warren gave her note, with the other complainants as sureties, to the parties in interest, for said sum of $524, being the aforesaid payment in Confederate money, treating the payment as a nullity. A payment was afterward made upon this note, and in 1870 a new note given for the balance, upon which suit was brought at law, when the present bill was filed to enjoin the collection.

The first ground for relief is, that the note was given without consideration, and second, that it was given under a mistake of law and fact, superinduced by some of the defendants.

The facts in brief appear to be that the parties, under the advice of counsel, believed that the money loaned to Wheeler could not be collected, and that the payment made by Mrs. Warren to the clerk was not in law valid, and could be disregarded.

According to the holding of the courts from the close of the war until September, 1870, the debt on Wheeler for the Confederate money in question could not have been collected. In fact, a bill was filed by Wheeler, and a decree had perpetually enjoining the collection of the note, but this was after the first note in controversy was given by Mrs. Warren.

We think the proof fails to show any fraud, misrepresentation, or unfair advantage taken by the defendants, or any of them. Wheeler had refused to pay his note for the money, and the defendants were advised that they could not compel him to pay. They, or one of them, then applied to Mrs. Warren, or her agent, to pay or secure the same. She was advised by her attorney that she would have it to pay, the balance of the debt had fallen due, and was reduced to judgments. Mrs. Warren and her sureties desired to get time by giving a new note or notes for this judgment. They also agreed, as part of this arrangement, to secure the principal of this $520 payment, the defendants remitting the interest for some four years. This arrangement was agreed to, both parties supposing that the defendants were in law entitled to the whole of the $520, with interest, but, by way of compromise, they accepted a note for the principal only.

Soon after this Wheeler filed his bill, and the defendants having been secured, suffered a decree to go by default, perpetually enjoining the collection of the note on him.

The first question is, was the note in controversy supported by any legal consideration? According to our holding of the law, and, we believe, in general the ruling of our predecessors, the original liability of Mrs. Warren on her note to the clerk was discharged *pro tanto* by the payment in Confederate money, but at the time there was uncertainty as to this; in fact, the decisions that had then been made by this court strongly indicated that such payments would be held

absolutely void. See *Wright & Cantrell* v. *Overall*, 2 Col., 336.

In subsequent cases, however, the court held that they would not disturb executed contracts.

In this attitude the parties were uncertain as to their legal rights. They were advised upon good authority that the notes on Wheeler for the Confederate money could not be collected. This being so, either the parties to whom the fund belonged, or Mrs. Warren, must lose the amount, and they were advised, according to the apparent holding of the courts, that Mrs. Warren was legally bound for the payment, and Williamson, the guardian, in accordance to what he supposed to be his duty, notified Mrs. Warren, or her agent, that unless the matter was arranged he would bring suit. To settle this controversy, and adjust the anticipated litigation, the compromise was made, and the note given. This constituted a valid consideration for the note, although, as the law is now held, it is clear that Mrs. Warren was not legally liable for the demand.

We do not say that litigation, threatened for the purpose of extorting money illegally, would constitute a valid consideration for a promise to pay, but when the parties are acting in good faith, and are uncertain as to their rights, a compromise made to avoid litigation will be a good consideration for an obligation assumed, although it afterward appear clearly that there was no legal liability, if it was uncertain at the time, it will be upheld. See Kerr on Fraud. Mistakes, 403, 404.

The next question is, can the complainants be relieved upon the ground of mistake. We think they were not laboring under any mistake of fact, but simply a mistake of law, as to their legal rights. In general, a mistake or ignorance of law is no ground for relief against a contract freely entered into. There are cases apparently exceptions to this rule, as where a party, acting in ignorance of a plain and settled principle of law, gives up a portion of his indisputable property to another under the name of a compromise. Equity will relieve him from the effect of the mistake. Story on Equity, sec. 121. But Judge Story says: "That whatever exception there may be to the general rule, they are not only few in number, but will be found to have something peculiar in their character, and to involve other elements of discussion." Sec. 116.

Where, accompanying the mistake, there is ignorance, weakness, or misplaced confidence upon the one side, or unconscionable advantage obtained, or some other element involved, relief may be granted. But if a compromise of a doubtful right is fairly made between parties, its validity cannot depend upon any subsequent adjudication of that right. If the argument was reasonable and fair, it will be binding, especially if the party having the advantage may in good conscience retain it. Sec. 131.

It is argued that the defendant, T. C. Williamson, falsely represented that Wheeler had already brought suit and obtained relief against his note before the note in controversy was given, but upon the entire record we think this fact is not established.

It is a case where both parties acted with fairness, but in uncertainty as to their legal rights. Although they acted under the advise of counsel, it was then very uncertain, in fact, to their counsel how their rights would have been determined by the courts, it being immediately after the close of the war, when many difficult questions arose.

In this view, is it unconscionable for the defendants to hold on to their obligation upon the complainants? The defendants have lost the fund received, the money loaned to Wheeler, in this, they only submitted to the law as then expounded. One party or the other must now lose it. The complainants voluntarily assumed the payment under the compromise, and as a consequence the defendants did not resist the suit of Wheeler, which possibly, but for this, they might have delayed, and in the end successfully resisted.

We conclude that the defendants may conscientiously retain the advantage, and that complainants are entitled to no relief.

An amended bill was filed, charging that the sale of the land by the county court was void. Without reviewing the facts we hold it was not.

The decree of the chancellor dismissing the bill must be affirmed with costs.